UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
At Chattanooga

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \| | |
| PLAINTIFF | \| | 1:99-cr-71 |
| | \| | JUDGE COLLIER |
| V. | \| | |
| NORMAN T. SEXTON, | \| | |
| DEFENDANT | \| | |

## MOTION TO MODIFY SENTENCE
## PURSUANT TO 18 U.S.C. §3582(c)

Comes now, Norman T. Sexton, Defendant and petitioner in the above-styled action, by and through undersigned counsel, and files this Motion to reduce his sentence by 2-levels, pursuant to 18 U.S.C. §3582(c), due to a retroactive two point reduction effective November 1, 2014.

### JURISDICTION

This court has jurisdiction over this motion pursuant to 18 U.S.C. §3582(c).

### BACKGROUND

Norman T. Sexton was arrested on October 22, 1999, and charged with the offense of conspiracy to distribute cocaine. He was released from custody on April 20, 2000, then re-incarcerated on December 22, 2000 and has been in continuous custody since that time serving his 238 month sentence, after conviction at trial. Mr. Sexton's case was heard before this Honorable Court. This Court calculated Mr. Sexton's sentencing range under the United States Sentencing Guidelines (U.S.S.G.) as Offense Level 38, Criminal History

1

Category I. The Guideline Range was 235-240 months of imprisonment. The guideline range in this case was truncated because of the maximum punishment. After considering the onset of Mr. Sexton's diabetes while confined in the county jail, where he was poorly cared for and improperly fed, the Court ordered a sentence in the middle of the guideline range of 238 months. It should be noted that Mr. Sexton has continued to suffer from medical ailments of a more serious and different nature, subsequent to his sentencing. Medical records are available and can be presented at a hearing, if one is ordered. Mr. Sexton has been in custody for almost 15 years at the time of the filing of this motion. His projected satisfaction date according to Federal Bureau of Prisons records is October 23, 2017.

## ACTION BY U.S. SENTENCING COMMISSION

On July 18, 2014, the U.S. Sentencing Commission voted to retroactively apply an amendment approved earlier this year by the U.S. Sentencing Commission that lowers federal guidelines for sentencing persons convicted of drug trafficking offenses. The amendment is intended to shorten sentences for tens of thousands of people who are already incarcerated and serving sentences for drug offenses by granting eligible individuals a hearing before a federal judge to evaluate whether their sentence can be reduced to match the reduced guidelines. This amendment took effect on November 1, 2014.

The Commission's vote allows the drug guidelines amendment to apply retroactively. The U.S. Sentencing Commission ruled that no one who benefits from this reform may be released from prison before November 1, 2015.

**STATEMENT OF REASON FOR SENTENCE**

The sentencing transcript shows the following statement by this Court as to the reasons for the 238 month sentence imposed (06/02/2002 Sentencing TR. 101-102):

"Now, the Court had indicated that it will not give you any guidance or make any statements regarding how you came to be where you are, because you are maintaining your innocence in this case, and the Court expects that you will be very vigorously litigating, on appeal, the conviction in this case. The guideline range in this case is truncated because of the maximum punishment. The guideline range, I believe, ranged from 235 months to, I think, about 285, 290 months or so. So you are getting a break because there was only one charge for which you were convicted and the maximum punishment was 240 months. The Court believes that even though it has a very small time period involved here, that it is not appropriate to sentence you at the top end of the guideline range. The Court notes that you have a relatively clean record. You have, I think, an assault conviction, one conviction involving drugs that was really prescription medicine and is not all that serious an offense. So the Court has taken that into account and will not sentence you at the upper end of the guideline range. The Court, though, also does not believe that a sentence at the low end of the guideline range is in order, because of the substantial break that you will receive with the truncated guideline range here. So the Court is going to sentence you at the midrange of the guideline range that's available, for the reasons that the Court has stated."

## REQUESTED MODIFIED SENTENCE

Mr. Sexton believes his new Base Offense Level should be Level 36, Criminal History Score I, resulting in a new guideline range of 188-235 months. It is requested that his sentence be reduced to the middle of the new guideline range, 211 months.

## CONCLUSION

It is respectfully requested that the motion to modify Sexton's sentence be granted.

> Respectfully submitted,
>
> LAW OFFICES OF
> HALLIE H. McFADDEN, P.C.
>
> By: *s/Hallie H. McFadden*
> Hallie H. McFadden, #17185
> Attorneys for Norman Sexton
> P.O. Box 546
> Signal Mountain, TN 37377
> TEL: (423) 362-1818

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 24, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. A hard copy has been served on this date to the Petitioner,

> Norman T. Sexton
> Reg. No. 15967-074
> FCI OAKDALE
> Federal Correctional Institution
> P.O. Box 5000
> Oakdale, LA 71463

*s/Hallie H. McFadden*